```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID FILER,                     :    CONSOLIDATED UNDER
                                 :    MDL 875
                                 :
     Plaintiff,                  :    Transferred from the
                                 :    Northern District of
v.                               :    California
                                 :    (Case No. 12-00514)
                                 :
FOSTER WHEELER LLC,              :
ET AL.,                          :    E.D. PA CIVIL ACTION NO.
                                 :    2:12-60034-ER
     Defendants.                 :
```

## O R D E R

**AND NOW**, this **28th** day of **January, 2014**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant

Huntington Ingalls (Doc. No. 35) is **GRANTED.**[1]

---

[1] This case was transferred in February of 2012 from the United States District Court for the Northern District of California to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiff David Filer ("Plaintiff" or "Mr. Filer") alleges that he was exposed to asbestos, inter alia, while serving in the Navy during the period 1966 to 2003. Defendant Huntington Ingalls, Inc. (f/k/a Northrop Grumman Shipbuilding, Inc., and hereinafter "Huntington Ingalls") built ships. The alleged exposure pertinent to Defendant Huntington Ingalls occurred during Plaintiff's work aboard:

- USS Canopus (AS-43)
- USS Lewis & Clark (SSBN-644)
- USS Robert E. Lee (SSBN-601)
- USS Ranger (CV-41)

Plaintiff brought claims against various defendants to recover for his asbestos-related ilness. Defendant Huntington Ingalls has moved for summary judgment arguing that (1) it cannot be liable on any product liability claim, (2) it had no duty to warn Plaintiff about any of the hazards aboard the ship it built, (3) Plaintiff has no evidence of exposure for which Defendant is

liable, (4) it is immune from liability by way of the government contractor defense, and (5) it is entitled to summary judgment on grounds of the sophisticated user defense.

Defendant contends that California or maritime law applies. Plaintiff also contends that California or maritime law applies.

I.  **Legal Standard**

   A.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

   B.  The Applicable Law

The parties assert that either maritime law or California law applies. Where a case sounds in admiralty, application of a state's law (including a choice of law analysis under its choice of law rules) would be inappropriate. Gibbs ex rel. Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 131-32 (3d Cir. 2002). Therefore, if the Court determines that maritime law

2

is applicable, the analysis ends there and the Court is to apply maritime law. See id.

Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this MDL court sits. See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. Id. at 463-66 (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. Id. In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in Conner) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

### Locality Test

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466;

3

Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at 534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

It is undisputed that the alleged exposures pertinent to Defendant occurred aboard a ship. Therefore, these exposures were during sea-based work. See Conner, 799 F. Supp. 2d 455; Deuber, 2011 WL 6415339, at *1 n.1. Accordingly, maritime law is applicable to Plaintiff's claims against Defendant. See id. at 462-63.

C. A Navy Ship Is Not a "Product"

This Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. Mack v. General Electric Co., 896 F. Supp. 2d 333, 345 (E.D. Pa. 2012) (Robreno, J.). As such, a shipbuilder defendant cannot face liability on a strict product liability claim. Id.

D. Navy Shipbuilder Negligence Under Maritime Law

This Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

4

## II. Defendant Huntington Ingalls's Motion for Summary Judgment

### "Products Liability"

Huntington Ingalls argues that, as a shipbuilder, it cannot be liable on a strict product liability claim because this Court ruled in Mack that a Navy ship is not a "product."

### No Duty to Warn

Huntington Ingalls argues that, as a shipbuilder, it had no duty to warn Plaintiff about any of the hazards aboard the ships it built.

### Exposure / Causation

Huntington Ingalls argues that Plaintiff has no evidence of asbestos exposure for which it is liable.

### Government Contractor Defense

Huntington Ingalls asserts the government contractor defense, arguing that it is immune from liability in this case, and therefore entitled to summary judgment, because the Navy exercised discretion and approved reasonably precise specifications for the products at issue, Defendants provided warnings that conformed to the Navy's approved warnings, and the Navy knew about the hazards of asbestos. In asserting this defense, Huntington Ingalls relies upon the affidavit of Captain Wesley Charles Hewitt.

### Sophisticated User Defense

Huntington Ingalls asserts that it is entitled to summary judgment on the basis of the sophisticated user defense because the Navy was a sophisticated user. In asserting this defense, it cites to Johnson v. American Standard, Inc., 43 Cal.4th 56 (Cal. 2008), and relies upon the affidavit of Captain Wesley Charles Hewitt to establish that the Navy had superior knowledge regarding the hazards of asbestos.

### Defendant's Objections to Plaintiff's Evidence

In connection with its reply briefing, Defendant Huntington Ingalls has asserted over thirty (30) objections to Plaintiff's evidence, seeking to have portions stricken.

5

### B. Plaintiff's Arguments

<u>"Products Liability"</u>

In response to Defendant's argument that it can face no strict liability in a product liability case, Plaintiff argues that a Navy ship should be considered a "product."

<u>No Duty to Warn</u>

Plaintiff contends that Defendant owed him a duty of reasonable care under the circumstances, which included warning him of hazards aboard the ships it built. In support of this assertion, Plaintiff cites to a declaration of expert Richard Cohen, who Plaintiff contends provides testimony to establish that Defendant knew (or should have known) of the hazards of asbestos at the time it built the ships at issue. Importantly, however, Plaintiff has failed to include this declaration in the record.

<u>Exposure / Causation</u>

Plaintiff contends that he was exposed to asbestos from insulation aboard each of the ships at issue and that Defendant is liable for injuries arising from this exposure. In support of his assertion that he has identified sufficient evidence to survive summary judgment, Plaintiff cites to various pieces of evidence, which is summarized here only in pertinent part:

- <u>Declaration of David Filer</u>
  Mr. Filer, who was trained as an asbestos worker, states that, he was exposed to respirable asbestos dust from insulation aboard each of the ships at issue, and that he inhaled this dust on each ship. He states that he did not see any warnings about asbestos aboard the ship.

  (Pl. Ex. A, Doc. No. 52-2.)

<u>Government Contractor Defense</u>

Plaintiff argues that summary judgment in favor of Defendant on grounds of the government contractor defense is not

6

warranted because there are genuine issues of material fact regarding its availability to Defendant. To contradict the evidence relied upon by Defendant, Plaintiff cites to (a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which Plaintiff contends indicates that the Navy explicitly permitted (and perhaps even required) warnings.

<u>Sophisticated User Defense</u>

Plaintiff asserts that Huntington Ingalls is not entitled to summary judgment on grounds of the sophisticated user defense because (1) Huntington Ingalls has not adduced evidence that Plaintiff was a "sophisticated user," and (2) Huntington Ingalls is really arguing for a "sophisticated intermediary defense" (which Plaintiff contends is not recognized by maritime law).

<u>Defendant's Objections to Plaintiff's Evidence</u>

Because Defendant's objections were submitted in connection with its reply briefing, Plaintiff has not responded to these objections.

**C. Analysis**

<u>Defendant's Objections to Plaintiff's Evidence</u>

As a preliminary matter, the Court notes that it has reviewed Defendant's numerous objections. The Court need not address each and every objection herein and will instead only address outcome-determinative objections as appropriate in connection with the analysis regarding Defendant's arguments.

<u>"Products Liability"</u>

Plaintiff alleges that he was exposed to asbestos from insulation aboard several ships manufactured by Defendant Huntington Ingalls. However, this Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. <u>Mack</u>, 896 F. Supp. 2d at 345. As such, a shipbuilder defendant such as Huntington Ingalls cannot face liability on a strict product liability claim. <u>Id.</u> Accordingly, summary judgment in favor of Defendant is warranted with respect to Plaintiff's claims against it sounding in strict product liability. <u>Anderson</u>, 477 U.S. at 248.

E.D. Pa. No. 2:12-60034-ER                **AND IT IS SO ORDERED.**

                                                                          /s/ Eduardo C. Robreno
                                                                          _____
                                                                          **EDUARDO C. ROBRENO, J.**

     The Court next considers, separately, Defendant's potential liability and/or entitlement to summary judgment with respect to Plaintiff's claims sounding in negligence.

No Duty to Warn / Exposure / Causation

     Defendant Huntington Ingalls contends that it is entitled to summary judgment on Plaintiff's negligence claims because (1) Plaintiff cannot establish that Defendant breached a legal duty of care owed to him, and (2) Plaintiff cannot establish that he was exposed to asbestos for which Defendant is liable. However, this Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

     In the case at hand, Plaintiff has cited to – but, importantly, has failed to include in the record – evidence that Defendant knew (or should have known) of the hazards of asbestos at any time relevant to this action, including at the time the ships were built. As such, no reasonable jury could conclude from the evidence that Defendant failed to exercise reasonable care under the circumstances when it allegedly failed to provide a warning regarding the asbestos aboard the ship. See Filer, No. 12-60034. Accordingly, summary judgment in favor of Defendant is warranted with respect to Plaintiff's claims against it sounding in negligence. Anderson, 477 U.S. at 248-50.

     In light of this determination, the Court need not reach any of Defendant's other arguments.

     D.   Conclusion

     Summary judgment in favor of Defendant is warranted with respect to all of Plaintiff's claims against it.

8